IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRUCE A. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05 C 646 |
| v. ) | Judge Wayne R. Andersen |
| ) | |
| OFFICER JASON ADAMS, OFFICER ) | |
| ALAN LOTHER, OFFICER KYLE ) | |
| HELGESEN, LIEUTENANT STEPHEN ) | |
| DUMYAHN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a motion for summary judgment by Defendants Officer Jason Adams, Officer Alan Lother, Officer Kyle Helgesen, and Lieutenant Stephen Dumyahn. Plaintiff Bruce Williams alleges two counts against all defendants: false arrest and excessive force. For the following reasons, summary judgment is granted favor of Officer Adams and Officer Lother on the false arrest claim and denied on the excessive force claim. Summary judgment is granted in favor of Defendants Lieutenant Dumyahn and Officer Helgesen on both the false arrest and excessive force claims.

## BACKGROUND

On February 14, 2004, Defendants Officer Jason Adams and Officer Alan Lother received a radio dispatch report concerning a theft at a retail store. The dispatch report said that the Zion Police Department had received a phone call from a man, who was calling by cell phone in his vehicle. The man stated that he was following a vehicle driven by a man who ran out of a retail store with two boxes. The witness informed the

1

Zion Police Station of his location. After receiving this dispatch report both Officer Adams and Officer Lother, driving in separate vehicles, pursued a vehicle driven by Plaintiff Bruce Williams. Officer Adams claims that he caught up with Plaintiff's vehicle shortly after hearing the report and that Plaintiff was speeding at the time. Officer Adams also claims that he activated his emergency lights and siren but Plaintiff failed to stop his vehicle. Furthermore, Officer Adams claims that Plaintiff failed to stop at numerous stop signs while being pursued. Plaintiff disputes all of these allegations and claims that his first interaction with the officers occurred after parking his vehicle outside of his apartment complex.

Plaintiff claims that he was approached outside of his apartment by both Officer Adams and Officer Lother. Officer Lother then informed Plaintiff that he was under arrest, but Plaintiff failed to cooperate and instead walked away. Both officers continued to pursue Plaintiff on foot. When Plaintiff reached the stairwell to his apartment, the officers informed him that he was under arrest for retail theft. Once again, Plaintiff failed to cooperate and began to walk down the stairwell toward a basement entrance to his apartment.

There is conflicting testimony as to what occurred next. Plaintiff claims that he began walking back up the stairs to speak with the officers when he was pepper sprayed, brutally handcuffed, and physically abused by the police officers. Officer Adams does not deny using pepper spray on Mr. Williams. However, both Officer Adams and Officer Lother claim that Plaintiff aggressively began running up the stairs, slipped on the steps, got back up, and continued to run toward the officers. It was at this point that Officer Adams claims to have used pepper spray on Plaintiff. Even after using the pepper spray,

2

the officers claim that Plaintiff still refused to place his hands behind his back to be handcuffed. The officers then used force to subdue Plaintiff. Both parties agree that eventually Plaintiff was handcuffed and taken to the Zion Police Station.

After arriving at the Zion Police Station, two more defendants, Lieutenant Stephen Dumyahn and Officer Kyle Helgesen, became involved with Plaintiff. Lieutenant Dumyahn informed Plaintiff of his *Miranda* rights and supervised while Plaintiff prepared a written statement. Additionally, Officer Helgesen took a photo line-up to the Walgreen's store to determine if a witness could identify Plaintiff. Officer Helgesen's and Lieutenant Dumyahn's only interaction with Plaintiff occurred after he was brought into custody.

Plaintiff has filed this pro se lawsuit against defendants Officer Adams, Officer Lother, Officer Helgesen, and Lieutenant Dumyan alleging two counts: false arrest and excessive force. All defendants have filed this joint motion for summary judgment.

## **DISCUSSION**

Summary judgment is proper only when the complete record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party has the initial burden of demonstrating the absence of evidence to support the position of the nonmoving party. *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). The burden then shifts to the nonmoving party to establish that there are genuine issues of material fact and that the nonmoving party is not entitled to judgment as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986). A genuine dispute about a material fact exists only if

the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In ruling on a motion for summary judgment, the Court must draw every reasonable inference from the record in the light most favorable to the nonmoving party and should not make credibility determinations or weigh evidence. *Association Milk Producers, Inc. v. Meadow Gold Dairies, Inc.*, 27 F.3d 268, 270 (7th Cir. 1994). The nonmoving party must support its assertions with admissible evidence and may not rest upon the mere allegations in the pleadings or conclusory statements in affidavits. *Celotex*, 477 U.S. at 324. Additionally, Rule 56(c) mandates summary judgment when the nonmoving party fails to establish the existence of an element essential to its case and on which that party will bear the burden of proof at trial. The production of only a scintilla of evidence will not suffice to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252.

Furthermore, Mr. Williams is proceeding as a *pro se* plaintiff. In this Circuit, *pro se* litigants are "entitled to a more liberal pleading standard . . . and must receive proper notice regarding the meaning and consequences of a summary judgment motion." *Henderson v. Sheahan*, 196 F.3d 839, 845-46 (7th Cir. 1999); *see also Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). However, this treatment does not excuse a *pro se* litigant from adhering to the dictates of the Federal Rules of Civil Procedure. *See Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998). In the case at bar, Plaintiff's submissions in response to the defendant's motion for summary judgment come very close to violating Local Rule 56.1. Nevertheless, we have diligently evaluated all of the evidence that has properly been presented to this Court.

*I. Defendants Officer Jason Adams and Officer Alan Lother*

*A. False Arrest Claim*

A plaintiff cannot succeed on a § 1983 claim for false arrest against a police officer that had probable cause for making the arrest. *Calusinski v. Kruger*, 24 F.3d 931, 935 (7th Cir. 1994). Probable cause exists "if at the time of the arrest 'the facts and circumstances within [the arresting officer's] knowledge and of which [he or] she has reasonably trustworthy information would warrant a prudent person in believing that the suspect had committed or was committing an offense.'" *Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 1999), *cert. denied*, 539 U.S. 1243 (2000), quoting *Quian v. Kautz*, 168 F.3d 949, 953 (7th Cir. 1999). Therefore, a police officer must only show that an arrest was based upon a reasonable belief. *Texas v. Brown*, 460 U.S. 730, 742 (1983); *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1246 (7th Cir. 1994). A belief does not need to be correct to be reasonable; therefore, reasonable mistakes should be excused. *Sheik-Abdi*, 37 F.3d at 1246. Furthermore, a police officer can reasonably rely upon statements from an eyewitness "whose truthfulness he [or she] has no reason to doubt." *Smith v. Lamz*, 321 F.3d 680, 685 (7th Cir. 2003); *Jenkins v. Keating*, 147 F.3d 577, 585 (7th Cir. 1998).

Under this standard, we find that Officer Adams and Officer Lother had probable cause to arrest Plaintiff for retail theft. A witness claimed to have seen Plaintiff run out of a retail store with two boxes. That same witness then pursued Plaintiff's vehicle, providing police with an identification of the vehicle's location. Relying on this information, Officers Adams and Lother began pursuing Plaintiff's vehicle. The officers reasonably relied upon information that was given by a witness "whose truthfulness [they had] no reason to doubt;" therefore, the officers had probable cause to arrest Plaintiff.

Officers Adams and Lother also had probable cause to arrest Plaintiff for resisting arrest. Section 31-1(a) of the Illinois Criminal Code says, "[a] person who knowingly resists or obstructs the performance by one known to the person to be a peace officer . . . of any authorized act within his official capacity commits a Class A misdemeanor." 720 ILCS 5/31-1(a). The Seventh Circuit has interpreted this language as requiring two basic elements: (a) a physical act of resistance which (b) has the effect of impeding, hindering, interrupting, or delaying the performance of an officer's duties. *Williams v. Jaglowski*, 269 F.3d 778, 782 (7th Cir. 2001), *cert. denied*, 535 U.S. 1018 (2002).

Plaintiff meets both of these elements. Plaintiff admits that he was approached outside his home by Officers Adams and Lother and told that he was under arrest. Plaintiff further admits to having denied committing any crimes and then walking away from the officers. Subsequently, Officers Adams and Lother continued to pursue Plaintiff and told Plaintiff that he was under arrest for retail theft. Once again, Plaintiff failed to cooperate by walking away from the officers. When Plaintiff walked away from Officer Adams and Officer Lother, he engaged in a physical act of resistance that had the effect of delaying or interrupting the performance of the officers' duties. Therefore, Officer Adams and Officer Lother had probable cause to arrest Plaintiff for resisting arrest.

For these reasons, we find that Officer Adams and Officer Lother had probable cause to arrest Plaintiff. Therefore, the officers' motion for summary judgment on Plaintiff's false arrest claim is granted.

B.  *Excessive Force Claim*

Plaintiff also alleges an excessive force claim against defendants Officer Adams and Officer Lother. We find that there are many factual disputes that must be resolved to

determine if Officer Adams and Officer Lother used excessive force in apprehending Plaintiff. For instance, Officer Adams claims that Plaintiff was speeding, failed to stop for police sirens, and ran numerous stop signs. Furthermore, Officer Adams and Officer Lother both maintain that Plaintiff aggressively ran toward the officers before being pepper sprayed and that Plaintiff physically resisted when the officers attempted to place him in handcuffs. Plaintiff, on the other hand, maintains that he attempted to cooperate with the officers and that Plaintiff's first interaction with them occurred outside his home. Resolution of these factual disputes is important in determining what amount of force was necessary to arrest Plaintiff. If Plaintiff endangered the public through reckless driving and aggressively ran toward the officers, then the officers would be justified in using a greater amount of force than they would if Plaintiff was cooperative.

Factual disputes that must be resolved include, but are not limited to: (1) Whether plaintiff fell on the stairs of his apartment, (2) whether Plaintiff ran stop signs and refused to stop for police sirens, (3) whether Plaintiff aggressively ran up the stairs of his apartment toward Officer Adams and Officer Lother, and (4) Plaintiff's level of cooperation with Officer Adams and Officer Lother while they attempted to arrest him.

Therefore, the motion for summary judgment by Officer Adams and Officer Lother on the excessive force claim is denied.

*II. Officer Kyle Helgesen and Lieutenant Stephen Dumyahn*

Plaintiff has also alleged claims of false arrest and excessive force against defendants Officer Helgesen and Liuetenant Stephen Dumyahn. Summary judgment is granted on both counts in favor of Defendants Officer Helgesen and Lieutenant Dumyahn because they were not present and did not participate in the arrest of Plaintiff. Officer

Helgesen and Lieutenant Dumyahn did not become involved until after Plaintiff had already been taken into custody and transported to the Zion Police Department. Officer Helgesen's involvement in the investigation was limited to a photo line-up that was presented to a witness. Lieutenant Dumyahn became involved in the investigation at the Zion Police Station when he informed Plaintiff of his *Miranda* rights and supervised while Plaintiff prepared a written statement. This undisputed evidence does not provide a basis for finding either Officer Dumyahn or Lieutenant Helgesen liable for false arrest or excessive force. Moreover, neither Lieutenant Dumyahn nor Officer Helgesen participated in the arrest of Plaintiff. The only excessive force alleged by Plaintiff was at the scene of the arrest. As a result, Lieutenant Dumyahn and Officer Helgesen did not have the opportunity to participate in or prevent the alleged excessive force since neither was at the scene.

Therefore, the undisputed evidence shows that Officer Helgesen and Lieutenant Dumyahn did not participate in the arrest of Plaintiff and, as a result, could not have participated in any force used in that arrest. For these reasons, summary judgment is granted in favor of Officer Helgesen and Lieutenant Dumyahn on both the false arrest and excessive force claims.

## CONCLUSION

For the reasons mentioned above, the motion for summary judgment [47] by Officer Adams and Officer Lother is granted as to the false arrest claim but denied as to the excessive force claim. The motion for summary judgment [47] by Lieutenant Dumyahn and Officer Helgesen is granted in full.

IT IS SO ORDERED.

                                        Wayne R. Andersen
                                        United States District Judge

**AUG 0 3 2007**

Date:_____