IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE A. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05 C 0646 |
| | ) | |
| v. | ) | Judge Wayne R. Andersen |
| | ) | |
| OFFICER JASON ADAMS and | ) | Magistrate Judge |
| OFFICER ALAN LOTHER, | ) | Martin C. Ashman |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Bruce A. Williams, is suing two officers of the Zion Police Department under 42 U.S.C. § 1983, alleging that they acted under color of state law to deprive him of his constitutional rights by arresting him without probable cause and using excessive force to do so. Currently before the Court is Defendants' motion for sanctions, which alleges that Williams failed to comply with this Court's order regarding preparation of a final pretrial order. This Court has the authority to decide this motion under Judge Andersen's referral of the case for all non-dispositive pretrial motions. For the reasons set forth below, the Court grants Defendants' motion for sanctions.

### I. Background

Plaintiff Williams initiated this suit nearly three and one-half years ago on February 3, 2005, when he filed a pro-se complaint alleging that several officers of the Zion, Illinois, Police

- 1 -

Department violated his constitutional rights by arresting him without probable cause and using excessive force during the arrest. (Dkt. 1.) After Williams's motion for appointment of counsel was denied in May 2005, the litigation proceeded, and discovery was completed in November 2006. (Dkt. 6, 29.) An unsuccessful settlement conference was held in December 2006. (Dkt. 34.) The Court's minute entry of December 13, 2006, set January 16, 2007, as the deadline for the filing of a final pretrial order. (*Id.*) On January 11, 2007, Defendants filed a motion for an extension of time to file a final pretrial order because, *inter alia*, they intended to file a motion for summary judgment that might obviate the need for a trial. (Dkt. 40.) Judge Andersen denied Defendants' motion for an extension of time and set a deadline of February 2, 2007, for the filing of Defendants' motion for summary judgment. (Dkt. 42.) In the same order, Judge Andersen denied Williams's renewed motion for appointment of counsel. (*Id.*) On August 3, 2007, Judge Andersen granted Defendants' motion for summary judgment in part. (Dkt. 62.)

On September 12, 2007, with the motion for summary judgment resolved, this Court set a new deadline of November 15, 2007, for the filing of a final pretrial order. (Dkt. 64.) Two days before that deadline, attorney Garry A. Payton filed an appearance on behalf of Mr. Williams. (Dkt. 68.) At a status hearing on November 16, Mr. Payton made an oral motion for an extension of time to file the final pretrial order, which the Court granted, extending the deadline to December 31, 2007. (Dkt. 69.) No final pretrial order was submitted by the extended deadline. At a February 13, 2008, hearing, the Court extended the deadline for the final pretrial order to April 23, 2008, again at Mr. Payton's request. (Dkt. 71.) When the April 23 deadline came and went without a final pretrial order, the Court again extended the deadline until May 14, 2008. (Dkt. 72.) Williams did file a document titled "Plaintiff's Statement of Law" on April 23 that

contained a summary of the law he believed to be applicable to his claims, but this document was in no way comparable to a final pretrial order. (Dkt. 73.)

According to Defendants' motion, as of May 9, 2008—the date on which the current motion for sanctions was filed—Defendants had not received a draft of a final pretrial order or Williams's proposed attachments to a final pretrial order. Ultimately, a final pretrial order was submitted by the parties before the May 14 deadline. Defendants allege, and Williams does not seriously contest, that the final pretrial order they eventually submitted was essentially the same as a draft prepared by Defendants and sent to Williams in October 2007, aside from a few modifications suggested by Williams's attorney. Indeed, the Court has reviewed the proposed order and notes that Williams failed to submit the required trial brief, did not propose any jury instructions or verdict forms, and filed no motions in limine. However, in light of the fact that a final pretrial order was in fact filed, Defendants withdrew their request for dismissal as a sanction in open court on May 15, 2008. Defendants seek an award of what they consider to be unnecessary attorneys' fees and costs that were incurred as a result of Williams's failure to comply with Local Rule 16.1 and the Court's standing order.

## II. Discussion

The application of the relevant legal rules to the facts of this case is straightforward. Pursuant to Local Rule 16.1, this Court has adopted a standing order establishing pretrial procedure. The standing order provides, in relevant part, that "[c]ounsel for all parties are directed to meet" in order to discuss the final pretrial order and that "[i]t is the obligation of *counsel for plaintiff* to prepare . . . a draft Order for submission to opposing counsel . . . in ample

time for revision and timely filing." Standing Order Establishing Pretrial Procedure, §§ 6(a) & (c) (emphasis added). The record supports Defendants' claim that Williams and his attorney, Mr. Payton, failed to cooperate in the preparation of the final pretrial order until at least May 9, 2008—nearly six months after the first deadline set by the Court. In light of the fact that the order that was ultimately submitted was predominantly (if not entirely) the work of Defendants' counsel, it is clear that Williams failed to meet his obligation as the plaintiff in this case to prepare a final pretrial order.

Williams offers no explanation for his failure to comply with the requirements of Local Rule 16.1 and the Court's standing order. Aside from a vague, unsupported allegation that he "work[ed] diligently" with Defendants' counsel, Mr. Payton specifies only that he was not available for a scheduled hearing in January 2008 because he was hospitalized for "a possible heart attack." (Pl.'s Br. at 2.) However, there is no indication of how this apparently brief hospitalization could explain six months of missed deadlines and lack of cooperation. Instead, Williams focuses on the argument that Defendants' motion is somehow mooted by the fact that a pretrial order was ultimately filed in May 2008. This argument reflects a misunderstanding of what is at issue in this motion. The Defendants would not have been prejudiced by the absence of a final pretrial order, for it was Williams's duty to prepare one; without a final pretrial order, Williams's case could have been dismissed with prejudice as a sanction for failure to comply with the Court's standing order. *See* Fed. R. Civ. P. 16(f)(1)(C) (authorizing the imposition of sanctions authorized by Rule 37(b)(2), which include dismissal). Defendants were, however, prejudiced by the series of status hearings and other court appearances that were made necessary

by Williams's failure to meet deadlines as well as the time and effort necessary to complete the final pretrial order that Williams, in reality, was responsible for.

Rule 16(f) clearly states that when a party fails to comply with a pretrial order,

> [i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f)(2). The only potentially mitigating factor in this case is Mr. Payton's possible heart attack, which apparently caused him to visit the hospital in January 2008. While the Court is sympathetic to an attorney's medical problems, Mr. Payton offers no explanation of how this event caused his client's repeated failure to meet deadlines, a pattern that began months before Mr. Payton's medical incident and extended for nearly four months afterward. Therefore, there is no evidence to indicate that Williams's nearly complete failure to participate in the filing of the final pretrial order was justified or that an award of fees and costs is unjust. Consequently, Williams is ordered to pay Defendants' unnecessary fees incurred as a result of his failure to comply with the Court's standing order on pretrial procedure. This award is to include fees and costs incurred in attending hearings after December 31, 2007, the initial extended deadline granted after Mr. Payton filed his appearance in the case, through the date that the final pretrial order was finally completed. Williams is also ordered to pay Defendants' reasonable fees and costs associated with the preparation of the final pretrial order and Defendants' reasonable fees and costs associated with filing, briefing, and orally arguing this motion.

## III. Conclusion

For the reasons set forth above, Defendants' motion for sanctions is granted. Defendants shall submit a petition detailing the attorneys' fees and costs specified in Section II above within 30 days.

**ENTER ORDER:**

Dated: July 21, 2008.

**MARTIN C. ASHMAN**
United States Magistrate Judge