IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE A. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 05 C 646 |
| v. | ) | |
| | ) | Wayne R. Andersen |
| OFFICER JASON ADAMS, and | ) | District Judge |
| OFFICER ALAN LOTHER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' motion to dismiss [110] pursuant to Federal Rule of Civil Procedure 41(b). Defendants seek the entry of an order dismissing with prejudice the amended complaint of Plaintiff Bruce A. Williams because Plaintiff failed to comply with the Court's order requiring him and his attorney to pay to Defendants' sanctions in the amount of $9055.14. The sanctions award resulted from a motion for sanctions filed pursuant to Federal Rule 16(f) seeking imposition of sanctions on Plaintiff for his failure to comply with the Court's orders regarding preparation of a final pretrial order.

On May 9, 2008, Defendants filed a motion for sanctions for Plaintiff's failure to comply with the Court's orders regarding preparation of a final pretrial order. On July 21, 2008, Judge Ashman entered a Memorandum Opinion and Order granting the motion for sanctions. In his Memorandum Opinion and Order granting the motion for sanctions, Judge Ashman stated "it is clear that Williams failed to meet his obligation as the plaintiff in this case to prepare a final pretrial order" and that "Defendants were...prejudiced by the series of status hearings and other

court appearances that were made necessary by Williams' failure to meet deadlines as well as the time and effort necessary to complete the final pretrial order that Williams, in reality was responsible for." 7/21/08 Opinion, at 4-5. In compliance with Judge Ashman's order, Defendants filed a petition for award of expenses on August 15, 2008. Plaintiff did not respond to the petition. On September 25, 2008, Judge Ashman granted the petition and ordered Plaintiff to pay $9055.14 within 30 days. That same day, Judge Ashman also granted Plaintiff's counsel's oral motion for leave to withdraw as counsel.

On October 6, 2008, Plaintiff appeared pro se and filed an objection to the sanction order entered by Judge Ashman. Plaintiff argued that Judge Ashman's order was unfair but did not dispute Plaintiff's non-compliance with the court's orders relating to preparation of the final pretrial order. Instead, Plaintiff essentially argued that his attorney Garry Payton was at fault for his non-compliance and that the Court's sanction should be imposed on Mr. Payton rather than on Plaintiff. Another attorney was given leave to file his appearance on Plaintiff's behalf. After hearing argument with respect to Plaintiff's objection to the sanction, Judge Ashman entered an order on July 16, 2009 that Plaintiff and his former attorney Garry Payton were jointly responsible for payment of the sanctions within 30 days. No objection to Judge Ashman's July 16, 2009 order was filed. Notwithstanding the Court's order, neither Plaintiff nor his former attorney has paid the sanctions to Defendants.

Federal Rule 41(b) provides that "[i]f a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal pursuant to Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct on the part of a plaintiff. *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir.

2003). Plaintiff argues that his conduct is not wilful or contumacious; he simply does not have the financial ability to pay. However, this Court is not convinced that his financial inability to pay relieves him of his obligation to comply with the Court's orders. The Seventh Circuit previously has held that any willful and unexcused violation of a court order constitutes contumacious conduct. *See e.g., Lucien v, Brewer*, 9 F.3d 26, 28 (7th Cir. 1993); *Marrocco v. General Motors Corp.*, 966 F.3d 220, 224 (7th Cir. 1992); *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1177 (7th Cir. 1987).

Plaintiff also argues that the motion to dismiss should be denied because he was not given any warning that failure to timely pay the sanctions could result in dismissal of the case. However, Judge Ashman explicitly gave plaintiff this warning on September 25, 2008.

THE COURT: Oh, you're right. I'm sorry. I looked at the wrong figure. $9055.14 payable within 30 days. That will be the order.

MR. PAYTON: Your Honor, I'm sure that my client is virtually almost a pauper and doesn't have the ability to pay that –

THE COURT: Well –

MR. PAYTON: – and I'm sure that –

THE COURT: – what's going to happen is if this money is not paid, it is going to have some effect on his ability to continue to prosecute this case. You can't set sanction, not pay the sanction, and then continue like the sanctions were never given.

MR. PAYTON: Right.

| | |
|---|---|
| THE COURT: | That's why I say 30 days. If somebody wants few more days, fine. But after that, the case cannot proceed until the sanctions are paid. You can't have your cake and eat it too. You can't do things that cost the other side money, get sanctions and then proceed – keep going. Well, I don't have the money so, therefore, I can continue on with the case. Un-uh. Not going to work that way. |

September 25, 2008 Transcript, at pp.5-6.

There is a clear record that Plaintiff continues to disregard and fail to comply with the Court's order and rules. Judge Ashman specifically identified Plaintiff's failure to comply with his obligations under Local Rule 16.1, with the Court's standing order, and with Judge Ashman's orders in connection with preparation of a final pretrial order. Order at 2-3, 3-5. It is difficult to view Plaintiff's actions as being anything but willful and in bad faith. Plaintiff's inability to pay does not excuse his failure to comply with Judge Ashman's order. As of the date of this Opinion, Plaintiff has paid only $250 toward the $9055.14 sanction award, and $100 was paid only after Defendants' filed their motion to dismiss. Thus, Plaintiff's repeated, continuing and unexcused failure to comply with court orders clearly constitutes contumacious conduct and warrants dismissal of his claims against Defendants.

For all of the foregoing reasons, this Court grants Defendants' motion to dismiss with prejudice [110]. This is a final and appealable order. This case is hereby terminated.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: July 30, 2010